**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel TORRES–RODRIGUEZ,**
**Defendant–Appellant.**

No. 05–50401.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 5, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Manuel Torres–Rodriguez (Torres) appeals the sentence he received when his term of supervised release, which was imposed when he pleaded guilty to possession of marijuana with intent to distribute, was revoked. Torres argues that the district court failed to articulate whether it considered the policy statement's advisory range of imprisonment before it sentenced

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him to the 24–month statutory maximum sentence.

Torres concedes that our review is for plain error because he did not raise this claim in the district court. *See United States v. Montez,* 952 F.2d 854, 860 (5th Cir.1992). The district court was advised of the advisory range through the probation officer's Violation Conduct Computation form. Even if the district court failed to consider this information, which the record does not suggest, Torres has nevertheless failed to show that the purported error affected his substantial rights inasmuch as the district court retained discretion and detailed his rationale for imposing the 24–month sentence. *See* 18 U.S.C. § 3583(e)(3); *Ayers,* 946 F.2d at 1130.

AFFIRMED.